Filed 7/30/26  Skeen v. Minicilli CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| JAMES E. SKEEN, JR., et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> AMY MINICILLI et al., <br><br> Defendants and Respondents. | D086666 <br><br><br> (Super. Ct. No. 25CU003643N) |

APPEAL from a judgment of the Superior Court of San Diego County, William Y. Wood, Judge.  Affirmed.

Mazzarella Law and Mark C. Mazzarella; Duckor Metzger & Wynne and Katherine C. Fine for Plaintiffs and Appellants.

Thomas Lucas, Vanessa Catherine Whirl, Nathan E. Sawkins and Timothy D. Lucas for Defendants and Respondents.

James E. Skeen, Jr. and Heather Skeen appeal from an order granting in part and denying in part a Code of Civil Procedure section 425.16[1] anti-SLAPP special motion to strike.  The motion was filed by their neighbors, Amy Minicilli and Michael Minicilli, in response to a complaint in which the Skeens had alleged that uses to which the Minicillis put the Minicilli

_____

[1]     All subsequent statutory references are to the Code of Civil Procedure.

property had harmed the Skeens.  Resolving this matter by memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847), we affirm.

So doing, we begin our analysis with the observation that the filing of an anti-SLAPP special motion to strike triggers a two-step, burden-shifting process.  (*Geragos v. Abelyan* (2023) 88 Cal.App.5th 1005, 1021–1022 (*Geragos*.)  First, the defendant must make a prima facie showing that a cause of action alleged in the complaint "arises from" an act of that defendant that is "in furtherance of the [defendant's] right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue" (protected activity).  (§ 425.16, subd. (b)(1); see also *Geragos,* at pp. 1021–1022.)  Second, if the defendant succeeds in carrying this burden, then the plaintiff must establish "a probability that the plaintiff will prevail on the claims."  (§ 425.16, subd. (b)(1); see also *Geragos,* at pp. 1021–1022.)  If the plaintiff cannot meet this burden, then the protected allegations and claims reliant on them are stricken.

According to the complaint:  The Minicillis hung "party lights" from poles in their side yard and mounted a light on a wall facing the Skeens' home.   The resulting illumination penetrated the Skeens' bedroom and living room windows at all hours of the night.  This not only caused them emotional distress and flare-ups of Mrs. Skeen's fibromyalgia, but it also violated the community's covenants, conditions restrictions, and regulations, the City of Encinitas Municipal Code, and the California Code of Regulations.  Reports to the homeowner's association (HOA) and to the city resulted in the Minicillis receiving a citation.  But through various means, including threats of legal action and false claims relating to their child's disability, the Minicillis induced the HOA to take no action, and the city into granting them an accommodation.  Even then, the Minicillis failed to satisfy certain

2

requirements the city had imposed to alleviate impacts on neighbors as a condition of granting the accommodation.

On the basis of these and other allegations, the complaint asserted 11 causes of action: private nuisance; trespass; negligence; negligence per se; breach of contract; aiding and abetting breach of fiduciary duty; negligent infliction of emotional distress; intentional infliction of emotional distress; elder abuse; declaratory relief; and injunctive relief. In response, the Minicillis filed an anti-SLAPP special motion to strike. The trial court issued an order granting the motion in part and denying it in part. The order struck multiple allegations from the complaint, thereby precluding those allegations from supplying an essential element of any cause of action. But it did not strike any cause of action.

In their briefs on appeal neither the Skeens nor the Minicillis contested the trial court's step-one anti-SLAPP analysis. Nor did any of them object to the fact that the trial court had refrained from striking any of the 11 causes of action. Where the parties' positions diverged was with respect to step two. The Skeens argued that the trial court had skipped step two and that it thus should be reversed to the extent it granted the motion. The Minicillis countered that the trial court had *not* skipped step two, that it had been correct in concluding the allegations it struck should be stricken, and that the order should thus be affirmed.

Although the parties briefed the appeal as a step two disagreement, we need not weigh in on step two. This is because the Skeens' counsel conceded at oral argument that his clients do not contest the trial court's ruling on the motion other than to the extent it might be interpreted as precluding the downstream admission of evidence, relating to stricken allegations, that might otherwise be admissible.

As to that latter issue, simply stated, the admissibility of evidence relating to protected activity was not before the court on the anti-SLAPP motion; instead the admissibility of such evidence is a matter to be addressed in future proceedings, when it is offered and objected to, such as in connection with a summary adjudication motion or at trial. (See *Graffiti Protective Coatings, Inc. v. City of Pico Rivera* (2010) 181 Cal.App.4th 1207, 1214–1215 [distinguishing "between (1) speech or petitioning activity that is mere *evidence* related to liability and (2) liability that is *based* on speech or petitioning activity" and concluding such activity "may provide evidentiary support for the complaint without being a basis of liability"]; see also *Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1060, 1062-1067 [distinguishing between "speech or petitioning activity" that "is the wrong complained of" versus such activity that is "just evidence of liability"]; *Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1019.)

In the event the trial court concludes that any such evidence relating to protected activity is admissible at trial, one or more limiting instructions may be appropriate to ensure the jury does not consider such evidence to determine whether an element of a cause of action has been established. But that is a decision for another day.

The judgment is affirmed. The Minicillis are entitled to costs on appeal.

KELETY, J.

WE CONCUR:

DATO, Acting P. J.

BUCHANAN, J.

4